UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

JOSE M.<sup>1</sup>,                              )
                                                )
    Plaintiff,                           )
                                                )
v.                                              )  CIVIL NO. 2:23cv9
                                                )
KILOLO KIJAKAZI, Acting                         )
Commissioner of Social Security,                )
                                                )
    Defendant.                           )

OPINION AND ORDER

    This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Benefits under the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

    The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C.

---

<sup>1</sup> For privacy purposes, Plaintiff's full name will not be used in this Order.

§423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2, The claimant has not engaged in substantial gainful activity since May 22, 2018, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: right knee arthroplasty; cervical and lumbar degenerative disc disease; left elbow degenerative joint disease status post open reduction and internal fixation (ORIF) of ulna and radial head fractures, left resection of heterotopic ossification including anterior and posterior elbow

|     | |
| --- | --- |
|     | capsule with radial head resection, left elbow manipulation under anesthesia, and left ulnar and median nerve decompression (20 CFR 404.1520(c) and 416.920(c)). |
| 4.  | The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). |
| 5.  | After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except left upper extremity push/pull occasional, never ladders, occasional crawl, frequent rest of postural activities. Left handling is frequent. |
| 6.  | The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). |
| 7.  | The claimant was born on May 12, 1969 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963). |
| 8.  | The claimant has at least a high school education (20 CFR 404.1564 and 416.964). |
| 9.  | Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). |
| 11. | The claimant has not been under a disability, as defined in the Social Security Act, from May 22, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |

(Tr. 17- 31).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on April 20, 2023.  On July 27, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on August 10,

3

2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in finding that Plaintiff's RFC permits him to use his left upper extremity to the degree that he can perform light work, with the restrictions noted above. Plaintiff claims that his allegations of pain and inability to use his left arm were not considered by the ALJ. In the decision, the ALJ noted Plaintiff's testimony that he could not use his left arm at all, and the ALJ determined that physical exams were inconsistent with this degree of functional limitation. That is, in July 2020, Plaintiff had 5/5 elbow strength and intact sensation (Tr. 26, citing Tr. 1692). In September, he had mild left arm weakness, but normal sensation and reflexes (Tr. 26, citing Tr. 1741-42). In December, Plaintiff had reduced left elbow strength, but full strength everywhere else, including 5/5 grip strength (Tr. 26, citing Tr. 1857).

In January 2021, Plaintiff had full strength in both arms, wrists, and fingers, with intact sensation and largely normal reflexes (Tr. 26, citing Tr. 2009). An exam the next month showed full strength with the exception of Plaintiff's left elbow, which was at 3/5 (Tr. 26, citing Tr. 1993).

Clearly, the ALJ did not disregard Plaintiff's own statements about his limitations (Tr. 23-24). The Social Security Act states that a claimant's "statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). Accordingly, courts "do not require an ALJ to credit a plaintiff's testimony regarding his or her subjective perception of pain." *Simons v. Saul*, 817 F.App'x 227, 233 (7th Cir. 2020). The Court finds no error on this issue.

Plaintiff also claims that Dr. Villareal was correct when he concluded that Plaintiff could not perform any work-related activities, and that the ALJ erred in not adopting this conclusion. However, the ALJ considered this opinion and found it partially persuasive, noting that Dr. Villareal did not give specific functional limitations (Tr. 29). The ALJ directly addressed Dr. Villareal's statement that Plaintiff could not carry anything due to pain, and he found it unsupported by Dr. Villareal's exam and inconsistent with other medical evidence (*Id*.). 20 C.F.R. § 404.1520c(b)(2). Thus, the Court finds no error with respect to the ALJ's assessment of Dr. Villareal's opinion.

However, this Court is concerned with the extent of the medical record that appears to establish that Plaintiff has substantial limitations in the use of his left arm. This record consists of opinions of Plaintiff's treating physicians, as well as opinions by orthopedic specialists. Although the ALJ recites some of this evidence in the decision he mainly uses it to discredit Plaintiff's testimony regarding his pain and doesn't explain the weight given to much of this evidence. This leads the Court to conclude that the ALJ improperly cherry-picked the evidence by relying too heavily on the opinion of Dr. Eskonen, the agency consultant, who stated that Plaintiff could still perform light work, in spite of significant limitations. Thus, remand is warranted on this point.

Plaintiff also argues that the RFC assessment would render him off task between 20 and 40 minutes every hour, because the ALJ's restricted him to "frequent rest of postural activities". The Commissioner contends that the ALJ did not use "rest" to mean "inactivity," and that rather than indicating that Plaintiff required frequent rest from all postural activities, the ALJ intended to restrict Plaintiff's activities in climbing stairs and ramps, stooping, balancing, kneeling, or crouching. As it is totally unclear what the ALJ meant by "frequent rest of postural activities", and it may very well mean that Plaintiff would be off task more than is allowable at a job, remand is required on this issue.  As a result of the ALJ's errors, the step five finding also cannot stand and must be addressed again on remand.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: September 22, 2023.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court